IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES H. TUCKER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-03112-B (BT) |
| | § | |
| NICOLE S. JOHNSON, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Charles H. Tucker, proceeding *pro se* and *in forma pauperis,* commenced this litigation by filing almost 100 pages of documents, including state court records pertaining to a child custody dispute in Iowa, and orders from a recently-dismissed federal case in the Southern District of Iowa. On December 16, 2021, the Court sent Tucker a Notice of Deficiency and Order (ECF No. 8), which instructed him to file his complaint on the proper form and in compliance with Federal Rule of Civil Procedure 8(a). The Order informed Tucker that failure to respond and cure these deficiencies by January 17, 2022 could result in a recommendation that his case be dismissed. Tucker did not respond, and the time for doing so has passed. Therefore, the Court should dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.

1

*Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, Tucker has failed to comply with the Court's order to file a complaint in compliance with Federal Rule of Civil Procedure 8(a) and file his complaint on the proper form. The Court cannot screen his claims, and thus this litigation cannot proceed, until he cures these deficiencies. Specifically, the Court cannot determine whether it has subject-matter jurisdiction over Tucker's claims or whether venue is proper in this district and division. Rather, it appears that Tucker's claims relate to an adverse decision rendered against him in a child custody proceeding in Iowa. Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction in "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Tucker has failed to prosecute his lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

## Recommendation

The Court should dismiss Tucker's case without prejudice under Rule 41(b).

SO RECOMMENDED.

January 20, 2022.

                            REBECCA RUTHERFORD
                            UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).